UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE C. MORRIS,

        Plaintiff,

v.

BILL SCHUETTE, ATTORNEY GENERAL,
OF THE STATE OF MICHIGAN, DEPT. OF
STATE IN MICHIGAN, HENRY FORD
HOSPITAL, D.M.C., DEPARTMENT OF
STATE IN KENTUCKY, VETERAN
AFFIAR IN MICHIGAN, VETERAN AFFIAR
IN WASHINGTON D.C., OFFICE OF
ATTORNEY GENERAL DEPT. OF JUSTICE
FEDERAL, UNITED STATES ATTORNEY
IN MICHIGAN, DEPT. OF STATE, FEDERAL,

        Defendants.

Civil Action No. 13-11126
Honorable Stephen J. Murphy, III
Magistrate Judge David R. Grand

_____/

**REPORT AND RECOMMENDATION TO GRANT MOTIONS TO DISMISS FILED BY STATE OF MICHIGAN AND FEDERAL DEFENDANTS [2, 6], AND TO SUMMARILY DISMISS THE REMAINDER OF PLAINTIFF'S COMPLAINT**

**A.**  **Background**

On March 14, 2013, Plaintiff Willie Morris, appearing *pro se*, filed a complaint against Defendants "Bill Schuette, Attorney General of the State of Michigan, Dept. of State in Michigan, Henry Ford Hospital, D.M.C., Department of State in Kentucky, Veteran Affiar [sic] in Michigan, Veteran Affiar [sic] in Washington[,] D.C., Office of Attorney General Dept. of Justice Federal, United States Attorney in Michigan, Dept. of State, Federal."[1] [1]. Morris' two-

---

[1] The last five named defendants (the two Departments of Veterans Affairs, the Justice Department, the United States Attorney for the Eastern District of Michigan, and the Department of State) will be referred to collectively as the "Federal Defendants." The Court construes the "Department of State in Michigan" to refer to the Michigan Secretary of State, Ruth Johnson.

page handwritten complaint is legible, but difficult to decipher in terms of what claims he is attempting to assert. Indeed, in neither his complaint nor his civil cover sheet does Morris indicate any particular relief he is seeking. [*Id.*].

### 1. Allegations Relating to the Federal Defendants

Morris makes numerous allegations against the Federal Defendants. Morris alleges "multiple attempts on my life using poison or other methods, being torture and terr[or], [] originating from the federal government filtering down to local and state government." [1 at 2]. He alleges, a "Bill of Attainder has been put against me from the federal government…starting with the VA hospital…" [*Id.*]. He alleges that the "U.S. Justice Dept…and the federal prosecutor here in Detroit" are part of some unidentified "hypocrisy." [1 at 3]. Finally, Morris seems to blame the federal government for placing him "in constant fear for [his] life;" he states that "if anything happens to me the federal gov't working with local gov't and local entities did it. They have me on some kind of G.P.S. or satelite [sic] tracking system. I cannot get in touch with my kin, and I am followed from the time I leave, until the time I return to my room," which he characterizes as "hate crimes and true terrorism." [*Id.*].

### 2. Allegations against the State of Michigan Defendants

Morris alleges that the Michigan Secretary of State "took my sovereignty from me after issuing it to me some 8 months before in 2009." [1 at 2]. He claims that he has been denied access to an unspecified "civil right." [*Id.*]. He claims that "Michigan has taken away my sovereignty papers and all of my fellow Moors Papers," which he characterizes as a form of "business fraud." [*Id.*]. Morris also appears to allege that Michigan is "discriminating against me because of racial, disability, and religious prejudice." [*Id.*].

---

Thus, Ms. Johnson and Michigan Attorney General, Bill Schuette, will be referred to collectively as the "State of Michigan Defendants."

### 3. Allegations against Others

Morris alleges that he has certain unspecified "health issues" that were caused by his "being shot by Detroit Police."[2] [1 at 2]. Morris claims to have sent his "sovereignty papers to Kentucky," but claims "they sent my financial statement, but not my security agreement, nor will they allow me to download it on the computer. I believe this is racial, disability, and religious discrimination, and false marketing and fraud." [*Id.*]. Morris alleges that Henry Ford Hospital purposely misdiagnosed [his] condition…to kill [him] at the behest of there [sic] masters." [*Id.* at 3].

### 4. Defendants' Respective Responses to Morris' Complaint

The docket reflects that Morris has not filed a proof of service showing that any Defendant has been served. However, certain of the Defendants have responded to his complaint. On April 11, 2013, the State of Michigan Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. [2]. On May 7, 2013, Defendant Henry Ford Hospital filed an answer. On May 14, 2013, the Federal Defendants filed a Motion to Dismiss the Complaint [6] pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. [6].

On April 26, 2013, and within the allowable time frame for Morris to respond to the State of Michigan Defendants' motion to dismiss, he filed a one-page handwritten document in which he purports to provide the verbiage for subsections (a) and (c) of "§ 3151."[3] [3]. Morris did not,

---

[2] Morris does not name the City of Detroit, nor any of its police officers as a defendant in this action.

[3] Morris appears to be citing to 15 U.S.C. § 3151 which relates to nondiscrimination in certain federal employment programs. Subsection (a) of the cited statute provides that no person shall be discriminated against on certain grounds, including handicap and race under certain federally-funded employment programs. 15 U.S.C. §3151(a). Subsection (c), in turn, grants the Attorney

however, respond to the Federal Defendants' motion to dismiss, which those Defendants, in their supplemental brief [11], argue is an independent ground for dismissing Morris' complaint.[4]

**B.** <u>**Standard of Review**</u>

A motion under Fed.R.Civ.P.12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. When a 12(b)(1) motion is made, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)[5] tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

General of the United States the right to bring a civil action against violators of the statute. 15 U.S.C. §3151(c). Apparently misconstruing this statute, Morris states that he wrote to "The Attorney General of Michigan[,] Bill Schuette," and explained what he believed the "D.P.D.," the Wayne County Jail, and "other local and state entities have done to me." [3]. Morris claims that Attorney General Schuette "closed my file with no further action," and "is a racist." [*Id.*]. Because Morris' filing contains no actual argument in opposition to those raised in the State of Michigan Defendants' motion to dismiss it is unclear whether he intended this document to be an opposition to that motion or some sort of amendment to his complaint. Either way, for the reasons discussed below, Morris' filing does nothing to defeat the motion.

[4] While Morris' failure to respond to Federal Defendants' dispositive motion certainly suggests that he does not oppose the relief requested therein, the Court cannot say that his mere failure to do so, standing alone, merits dismissal of his case. The Federal Defendants rely on *Johnson v. Smith*, 2013 WL 2352700 (S.D. Ohio, May 29, 2013), in arguing that Morris' failure to respond to their motion merits dismissal of his complaint. However, in that case, not only did the plaintiff not respond to the defendants' motion for summary judgment, he failed to participate in any discovery whatsoever in the intervening months. Here, in contrast, the Federal Defendants have moved to dismiss under Fed. R. Civ. P. 12(b), not for summary judgment, and thus nothing has taken place other than the filing of the various Defendants' dispositive motions. In light of that distinction, Morris' *pro se* status, and the fact that he had not previously been directly warned that his failure to file a responsive brief to Defendants' motions could result in his complaint's dismissal, the Court declines to recommend dismissal on these grounds.

[5] Where a defendant requests dismissal under both 12(b)(1) and 12(b)(6), the court must "consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if [the] Court lacks subject matter jurisdiction." *Moir* at 269, *citing Bell v. Hood*, 327 U.S. 678, 682 (1946)

4

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.[6]

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be

---

[6] At the motion to dismiss stage, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

In addition, courts have the inherent authority to dismiss a frivolous case. "[A] district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). A case is frivolous if it lacks arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts have also held that a complaint may be dismissed as frivolous when it is clear that the defendants are immune from suit. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999). In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted. *See Ross v. Baron*, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012) (citing cases).

**C.**   **Analysis**

In this case, although Morris does not specifically mention 42 U.S.C. § 1983 in his amended complaint, it appears that this statute provides the basis for his civil rights action against most (if not all) of the named Defendants. To successfully establish a *prima facie* case under § 1983, Morris must prove that the defendants acted under color of state law and deprived him of rights secured by federal law. *See Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)

(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Morris' allegations against each of the Defendants will be discussed in turn.

### 1. Federal Defendants

The Federal Defendants advance two arguments in support of their motion to dismiss Morris' complaint. First, they argue that, pursuant to Fed. R. Civ. P. 12(b)(1), this Court lacks subject matter jurisdiction over this action. Second, they argue that, pursuant to Fed. R. Civ. P. 12(b)(6), Morris has failed to state a claim upon which relief can be granted. The Court will address those arguments in turn.

#### a. Lack of Subject Matter Jurisdiction

Under the doctrine of sovereign immunity, the United States is immune from suit unless it has consented to being sued. *U.S. v. City of Detroit*, 329 F.3d 515, 520 (6th Cir. 2003) (citing *Hercules, Inc. v. U.S.*, 516 U.S. 417, 422 (1996)). To successfully bring an action against any United States agency, a plaintiff must allege a waiver of sovereign immunity. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 259 (1999). That waiver must be unequivocally expressed in statutory text and will not be implied. *See Lane v. Pena*, 518 U.S. 187, 192 (1996); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990). Even when Congress enacts a statute that waives federal sovereign immunity in some circumstances, such a waiver must be construed "strictly in favor of the sovereign" and "not enlarge the waiver 'beyond what the language requires.'" *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986) (citations omitted); *see also Lane v. Pena*, 518 U.S. at 192; *United States v. Williams*, 514 U.S. 527, 531 (1995) (when confronted with a purported

7

waiver of federal sovereign immunity, the court will "constru[e] ambiguities in favor of immunity").

Morris' complaint fails to identify any waiver of sovereign immunity upon which he relies in bringing this action against the various Federal Defendants. Morris' failure in this regard is not surprising considering his failure to identify an underlying legal basis for his claims. However, even if the Court assumes from Morris' vague allegations that he is alleging sovereign immunity waiver either through the Federal Tort Claims Act ("FTCA") or a *Bivens* action, his claims would still be ripe for dismissal.

### i.     Federal Tort Claims Act

In 1948, Congress enacted the FTCA, through which it waived the United States' immunity from suits seeking damages for certain tortious acts of government employees. 28 U.S.C. § 2674. In turn, the district courts were given exclusive jurisdiction over suits "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). *See also Sharp ex rel. Estate of Sharp v. U.S.*, 401 F.3d 440, 442-443 (6th Cir. 2005).

To the extent Morris asserts an FTCA claim, it is not made against the proper defendant. Morris' allegations against the Federal Defendants seem to focus, at least in part, on alleged treatment he received while being treated at the V.A. Hospital. However, such medical malpractice claims arise under state law, and under the FTCA, they may be brought only against the United States. 28 U.S.C. § 2679(a). Morris' failure to name the United States as a defendant

thus deprives the Court of jurisdiction to consider his FTCA claims. *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee. Failure to name the United States as a defendant in an FTCA suit results in a fatal lack of jurisdiction.") (internal citations omitted); *Mars v. Hanberry*, 752 F.2d 254, 255-56 (6th Cir. 1985) ("The United States is the only proper party in an action pursuant to the [FTCA].").

At least some of Morris' FTCA claims also fail because they are excepted from FTCA coverage. The FTCA does not encompass all torts committed by governmental employees. Rather, 28 U.S.C. § 2680, entitled "Exceptions," lists various categories of tortious conduct to which "[t]he provisions of this chapter … shall not apply," including:

> (a) Any claim based upon an act or omission of an employee of the Government, … based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency…

28 U.S.C. § 2680(a) (emphasis added). Since § 2680 is jurisdictional, the Sixth Circuit has expressly held that where this "discretionary function" exception applies, federal courts "lack subject matter jurisdiction over the action." *Sharp*, 401 F.3d at 443 (citing *Rich v. U.S.*, 119 F.3d 447, 450 (6th Cir. 1997), *cert. denied*, 523 U.S. 1047 (1998). *See also Rosebush v. United States*, 119 F.3d 438, 440 (6th Cir. 1997). Thus, to the extent Morris' claims challenge conduct protected by the discretionary function exception, they should be dismissed.

The problem here is that Morris' vague allegations make it difficult to evaluate which ones implicate the exception. The Sixth Circuit has held that for the exception to apply, two conditions must be met: (1) the challenged action must have involved an element of judgment or choice; and (2) that judgment must be of the kind that the exception was designed to shield, i.e., ones grounded in social, economic, and political policy. *See Rich*, 119 F.3d at 450 (citing

9

*Berkovitz v. United States*, 486 U.S. 531 (1988) and *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984)). "In deciding whether the complained of conduct was grounded in judgment or choice, the crucial first step is to determine exactly what conduct is at issue." *Hatcher v. U.S.*, 2013 WL 275894, at *3 (6th Cir., Jan. 24, 2013) (citing *Rosebush*, 119 F.3d at 441). "The relevant inquiry is whether the controlling statutes, regulations, and administrative policies mandated the [challenged conduct…If not, the [government's] decision as to the precise action to take would clearly fall within the discretionary function exception to the government's tort liability." *Id.* (citing *Rosebush*, 119 F.3d at 442).

Most of Morris' allegations are too vague to determine whether the discretionary function exception applies. Most of his allegations seem to relate to an alleged conspiracy between "the federal government" and "local and state" governments to physically harm or kill Morris. Such conduct does not seem to fit the discretionary function exception. However, to the extent any of Morris' allegations do raise such matters of discretion by federal officials, this Court lacks subject matter jurisdiction to consider them.

Another exception to the FTCA's waiver of sovereign immunity is the intentional tort exception, which insulates the government from intentional tort liability. 28 U.S.C. § 2680(h). However, that exception has its own statutory exception; it does not apply "with regard to acts or omissions of investigative or law enforcement officers of the United States Government," whom the statute defines as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law." *Id.* Certainly, the "people [] with the VA hospital [who] emasculated [Morris and] poisoned [Morris]" [1 at 2] would not possess such authority – meaning that, at a minimum, this Court would not have

10

subject matter jurisdiction over Morris' related claims against the Veterans Affairs Office. *See Milligan v. U.S.*, 670 F.3d 686, 695 (6th Cir. 2012).

### ii. *Bivens* Claim

Construing Morris' complaint's vague reference to his human and civil rights as an attempt by him to assert a constitutional challenge to the conditions of his confinement under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), also is unavailing. A federal inmate[7] may assert a constitutional challenge to the conditions of his confinement in a civil rights complaint, known as a *Bivens* complaint. *See Bivens*, 403 U.S. at 395–97. However, such actions brought against a federal officer or employee in his official capacity are barred by sovereign immunity. *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir.2002); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115-16 (6th Cir. 1988). This dooms his claim against the "United States Attorney in Michigan."

### b. Failure to State a Claim for Relief

The Federal Defendants also argue that Morris' complaint is so vague in its allegations that it runs afoul of Fed. R. Civ. P. 8 and fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). This Court agrees.

Fed. R. Civ. P. 8(a)(1)-(3) provides that to state a claim for relief, a pleading "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction…; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand

---

[7] It is not even clear whether Morris is or was ever a federal inmate. Indeed, a search of this Court's electronic docketing system does not reveal any federal cases against Morris. And, in a prior civil action he filed in this Court, he challenged his state court conviction. *See Morris v. Fresard*, No. 2:12-cv-15505. As this information is in the public record, the Court may consider it here without converting this motion to one for summary judgment. *See Wayser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (court may take judicial notice of, among other things, public records on a motion to dismiss without converting it to one for summary judgment).

for the relief sought…" At least with respect to those claims for which the Court found subject matter jurisdiction to be lacking, *see supra* at 7-11, Morris' complaint fails with respect to Rule 8(a)'s first requirement. And, as noted above, *supra* at 2, Morris' complaint makes no demand for any particular relief, in violation of Rule 8(a)'s third requirement. For these reasons alone, his complaint is subject to dismissal.

The Federal Defendants focus the bulk of their argument, however, on Rule 8(a)(2)'s pleading requirement which, as discussed in detail above, *supra* at 4-6, is designed to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. Morris' complaint woefully fails to do so here. In fact, it is difficult to identify any specific conduct which Morris directly attributes to the Federal Defendants. The closest he comes is to allege that: (1) "attempts on [his] life by poison or other methods" are "originating from the federal government;" (2) the "VA Hospital emasculated [him], poisoned [him], and altered the records to show other wise [sic];" and (3) "the federal gov't working with local gov't and local entities … have me on some kind of G.P.S. or satelite [sic]. [1 at 2-3]. These allegations lack the requisite factual content to adequately apprise the Federal Defendants of what they are accused of doing, necessitating dismissal of Morris' claims against them. *Twombly*, 550 U.S. at 556.[8] *See also, supra* at 4-6.

---

[8] These allegations also support dismissal under Fed. R. Civ. P. 12(b)(1). "A district court may, at any time, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) 'when the allegations of a complaint are totally implausible, attenuated, insubstantial, frivolous, devoid of merit, or no longer open to discussion.'" *Hairston v. F.B.I.*, 2010 WL 3488798, at *2 (E.D. Mich., Jun. 8, 2010) (quoting *Apple*, 183 F.3d at 479). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, because the complaint's allegations against the Federal Defendants "describe fantastic or delusional scenarios," the "complaint lacks an arguable or rational basis in fact" and is frivolous. *Abner v. SBC (Ameritech)*, 86 Fed. Appx. 958 (6th Cir. 2004). Thus, dismissal of Morris' claims against the Federal Defendants is appropriate. *Hairston*, 2010 WL 388798, at *2.

### 2.     State of Michigan Defendants

Morris' allegations against the State of Michigan Defendants are also woefully inadequate to comply with Rule 8's pleading requirements. Morris' complaint makes no actual allegations of any actions taken by Michigan's Attorney General, Bill Schuette. In fact, the complaint's only reference to Defendant Schuette is in its very last sentence, where Morris alleges that "the Michigan Attorney General" is "a part of the hypocrisy." Such a vague and factually empty allegation fails Rule 8's pleading requirements, even under the liberal construction afforded to *pro se* plaintiffs. *See Baker v. Noronha*, 2013 WL 1720803, at *3 (E.D. Mich., Feb. 27, 2013) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to pro se complaints.") (citing *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) and *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights)).[9]

Morris' allegations with respect to Michigan's Secretary of State, Ruth Johnson, fair no better. His complaint's only specific allegation with respect to that Defendant is that she "took [his] sovereignty from [him] after issuing it to [him] some 8 months before in 2009." [1 at 2]. Giving Morris every benefit of the doubt, the allegations that immediately follow could also be construed as relating to Defendant Johnson. He alleges that "they [apparently including

---

[9] To the extent the Court construes Morris' April 26, 2013 filing as an amendment to his complaint, the same reasoning applies to the allegations contained therein. In that filing, Morris seems to misconstrue the cited statute, which applies to the federal government's Attorney General, with the individual he has sued here, Bill Schuette, Attorney General for the State of Michigan. Thus, even if Defendant Schuette "closed [Morris'] file with no further action" after Morris had written to him about his treatment by "D.P.D., Wayne County Jail, and other local and state entities," that does not show a violation of the cited statute. Like his allegation that Schuette is a hypocrite, Morris' allegation that Schuette is "a racist" is far too vague and devoid of facts to support a claim for relief under Rule 8. [3].

Defendant Johnson] denied [him] eccess [sic] to a civil right, [he] could not put liens on [his] very powerful adversaries. Michigan has taken away my sovereignty papers and all of my fellow Moors papers…they [again, apparently including Defendant Johnson] are discriminating against me because of racial, disability, and religious prejudice." [*Id.*]. Like his allegations against Defendant Schuette, these allegations fail to sufficiently apprise Defendant Johnson of the alleged wrongful conduct she is accused of taking. Morris failed to provide any facts that would explain what he means by his "sovereignty," "sovereignty papers" or "Moors papers." Morris failed to respond, in any meaningful way, to Johnson's motion to dismiss, and she cannot properly defend herself in this action based on the instant allegations. *Baker*, 2013 WL 1720803, at *3; *Gilmore*, 92 F. App'x at 190; *Frazier*, 41 F. App'x at 764. Accordingly, the Court recommends dismissing Morris' claims against the State of Michigan Defendants.

Moreover, to the extent Morris is suing the State of Michigan Defendants in their official capacities, as he seems to be doing [1 at 2-3], any his claim seeking monetary relief should be dismissed as such claims are barred by the Eleventh Amendment.

It is well established that the Eleventh Amendment bars suits for money damages in federal court against a state unless the state has waived its sovereign immunity or unequivocally consented to be sued. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-100 (1984); *Abick v. Michigan*, 803 F.2d 874, 876-77 (6th Cir. 1986). The state's sovereign immunity extends to "state instrumentalities," *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997), which clearly includes MCJ. The immunity extends to claims against state officials sued in their official capacity because they are deemed to be against the state itself, and Michigan has not waived its immunity to suit. *See e.g. Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994). Thus, to the extent Morris seeks to sue the State of Michigan Defendants in their official

capacities, his claims should be dismissed.

### 3. Other Defendants

The Court now turns to Morris' claims against the remaining Defendants in the case, Henry Ford Hospital and D.M.C. Those claims should be dismissed *sua sponte* under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction[10] First, Morris' complaint fails to plead sufficient facts to demonstrate diversity jurisdiction with respect to these Defendants, nor could he establish the complete diversity required, as he is a Michigan citizen [1 at 3] and both Henry Ford Hospital and D.M.C. (which the Court understands to be the common acronym for the Detroit Medical Center) are Michigan corporations with their centers of operation located in this State.[11] 28 U.S.C. § 1332.

Morris also fails to plead sufficient facts to establish any claim against these Defendants based upon federal question jurisdiction. 28 U.S.C. §1331. Morris makes absolutely no allegations against Defendant D.M.C. other than naming it in the caption of his complaint, and the only allegation against Henry Ford Hospital is that it "purposely misdiagnos [sic] [Morris'] condition to kill [him] at the best of there [sic] masters." [1 at 3]. Even if the Court were to characterize this statement as an attempt at asserting a §1983 civil rights claim, this bare allegation has absolutely no factual support, and is implausible and frivolous, making it ripe for dismissal under Rule 12(b)(1). *See Thorn v. Micklow*, No. 99-130, 1999 U.S. Dist. LEXIS

---

[10] As noted above, "[A] district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

[11] *See* www.dleg.state.mi.us/bcs_corp/sr_corp.asp (search for "Henry Ford Hospital" and "Detroit Medical Center") (last visited July 10, 2013).

17109, *15-16 (W.D. Mich. Oct. 22, 1999) (dismissing claims *sua sponte* where plaintiff pleaded no facts to support either diversity or subject matter jurisdiction).

### D. Conclusion

For the foregoing reasons, the court **RECOMMENDS** that the State of Michigan Defendants' Motion to Dismiss **[2]** be **GRANTED**; that the Federal Defendants' Motion to Dismiss **[6]** be **GRANTED**; and that the remainder of Plaintiff's complaint **[1]** be **SUMMARILY DISMISSED**.

Dated: July 11, 2013
s/ David R. Grand
DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

### NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class

U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2013.

                                                       s/Felicia M. Moses  
                                                      FELICIA M. MOSES  
                                                      Case Manager