UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE MORRIS,

    Plaintiff,

Case No. 13-cv-11126

v.

HONORABLE STEPHEN J. MURPHY, III

BILL SCHUETTE, et al.,

    Defendants.
                                 /

**ORDER ADOPTING REPORT AND RECOMMENDATION** (document no. 12)**, GRANTING MOTIONS TO DISMISS** (documents no. 2 and 6)**, AND DISMISSING CASE**

    This is an action by pro se defendant Willie Morris against defendants Michigan Attorney General Bill Schuette, the Michigan Secretary of State, the Henry Ford Hospital, the Kentucky Secretary of State, the U.S. Department of Veterans' Affairs, the Attorney General of the United States, the U.S. Department of State, and the U.S. Attorney "for Michigan." Morris' complaint alleges various civil rights violations against the defendants to some underlying injury.

    On April 11, 2013, Defendants Michigan Secretary of State and Attorney General Bill Schuette moved to dismiss the complaint. And on May 14, 2013, the U.S. Attorney's Office for the Eastern District of Michigan moved to dismiss the complaint as to all federal defendants. The Court referred the motions to a magistrate judge for resolution. On July 11, 2013, the magistrate judge filed a Report and Recommendation ("Report") that recommended granting the motions and dismissing the case.

    The magistrate judge first concluded that Morris does not "indicate any particular relief he is seeking." Report at 2, ECF No. 12. In a comprehensive examination of Morris's

claims, the magistrate judge analyzed Morris's various claims for subject matter jurisdiction and whether Morris stated a claim upon which relief can be granted.

With respect to the federal defendants the Report first concluded Morris was likely attempting to assert claims under 42 U.S.C. § 1983. The Report then concluded that Morris's claims are subject to dismissal for several of reasons. First, Morris's complaint fails to identify any waiver of sovereign immunity. Even if the Court were to infer a sovereign immunity waiver under either the Federal Tort Claims Act ("FTCA") or a *Bivens* action, Morris's claims should still be dismissed. First, because he fails to name the United States as a plaintiff, the Court has no jurisdiction to consider an FTCA claim. *Id.* at 9. Second, because *Bivens* actions against officials acting in there official capacity are still barred by sovereign immunity, Morris's complaint remains barred. *Id.* at 11. The Report also concluded that Morris's complaint fails to state a claim upon which relief can be granted because the complaint makes no demand for any particular relief, in violation of Civil Rule 8(a)(3)'s relief requirement. Because of the vague nature of Morris's allegations, the Report concluded it is difficult to discern what specific conduct Morris attributes to the Federal Defendants, thereby failing to apprise them of what wrongdoing they are accused of. *Id.* at 12.

With respect to the State of Michigan defendants, the Report concluded that Morris's claims should be likewise be dismissed for failure to comply with Rule 8(a)'s pleading requirements. The sole allegation against Schuette is that "the Michigan Attorney General" is "a part of the hypocrisy." Similarly, the only allegation leveled at the Michigan Secretary of State is that she "took Morris's sovereignty" after issuing it to him eight months prior. Even employing the liberal standards of construction afforded to pro se complaints, the

Report concluded Morris's claims regarding the State of Michigan defendants were so vague that they fail to sufficiently apprise defendants of their alleged wrongful conduct. *Id.* at 14. Additionally, the Report concluded Morris's claims against the State of Michigan defendants should be dismissed to extent that Morris seeks to sue them in their official capacity, as he is not permitted to seek money damages due to sovereign immunity. *Id.*

Finally, the Report suggests dismissing the remainder of the complaint against all the remaining defendants *sua sponte* under Civil Rule 12(b)(1) for lack of subject-matter jurisdiction with respect to both lack of diversity under 28 U.S.C. § 1332, and failure to plead any facts that give this Court jurisdiction. *Id.* at 15.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

Because neither the plaintiff nor defendants filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound.

Accordingly, it will adopt the Report's findings, grant the motions to dismiss, and dismiss this case.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (document no. 12) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the defendants' motions to dismiss (documents no. 2 and 6) are **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 30, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 30, 2013, by electronic and/or ordinary mail.

Carol Cohron
Case Manager